A98A2226. ANDREWS v. THE STATE.
(510 SE2d 841)

RUFFIN, Judge.

Gene Andrews appeals his conviction of aggravated child molestation, contending that the trial court erred in denying his motion for mistrial after character evidence was improperly admitted. Because

the trial court did not abuse its discretion in denying the motion, we affirm.

Prior to trial, Andrews agreed to submit to a polygraph test and stipulated to the admissibility of the test results. Andrews was initially tried on October 9, 1997, but that case ended in a mistrial, and he was retried on April 6, 1998. At the second trial, the State questioned GBI agent David Rush, who administered the polygraph test, about the circumstances surrounding the test. Rush testified that, before administering a polygraph test, he asks the individual being tested several questions to determine whether he is under the influence of any substance that might affect the test. Rush then testified as follows: "Q. And did you question [Andrews] as to whether he had consumed any alcohol or taken some narcotics prior to this test? A. Yes, sir, I did. Q. What did he tell you? A. Mr. Andrews told me that he had used some crack-cocaine at approximately 9:00 p.m. the evening before." Andrews' attorney then moved for a mistrial, contending that this evidence constituted inadmissible character evidence.

In response, the prosecutor stated that Rush's testimony was necessary to show that the test had been properly administered. He stated that he asked Rush about Andrews' statement because, in the first trial, Andrews' attorney had argued that the test was invalid because Andrews was under the influence, and he anticipated a similar challenge in this case. The trial court denied the motion for mistrial, but instructed the jury that Rush's testimony regarding Andrews' statement was not to be considered for any purpose except determining the validity of the polygraph test. The trial court asked if any of the jurors could not obey his instruction, and there was no response from the jury. Rush subsequently testified that, notwithstanding any drug use the night before, Andrews did not appear to be under the influence of any drug at the time of the test.

As an initial matter, it does not appear that the prosecutor's question was improper. "Where evidence that is probative for some other purpose incidentally places the defendant's character in evidence, such evidence does not violate the statutory prohibition and is admissible." *Fulton v. State*, 232 Ga. App. 898, 901 (4) (503 SE2d 54) (1998). "What is forbidden is the introduction by the state in the first instance of evidence whose *sole* relevance to the crime charged is that it tends to show that the defendant has bad character." *Frazier v. State*, 257 Ga. 690, 698 (16) (362 SE2d 351) (1987).

Clearly, whether or not the polygraph test was properly administered is a relevant matter, and the State was entitled to present evidence of the circumstances surrounding the test to prove to the jury that the test results were accurate and reliable. See *Cook v. State*, 232 Ga. App. 796, 797 (1) (503 SE2d 40) (1998) (" 'every act or circumstance serving to elucidate or to throw light upon a material issue or

issues is relevant' "). The State was not required to wait for Andrews to challenge the accuracy of the test results based on his drug use before raising the issue itself. As a matter of prudent trial strategy, it is often preferable to raise a potentially damaging matter on direct examination, rather than waiting for the opposing party to raise it on cross-examination and thus risk it appearing to the jury that the witness was trying to hide an unpleasant fact.

In this case, the State had reason to believe that Andrews' drug use would be a significant issue. In the first trial, Andrews' attorney argued that the drug usage had caused Andrews to fail the polygraph test. During opening arguments in the second trial, Andrews' attorney cryptically advised the jury to "listen to all the events surrounding this alleged polygraph test." Before asking Rush about Andrews' statement, the prosecutor asked numerous questions (taking up more than two pages in the trial transcript) relating to how drug or alcohol use could affect a polygraph result, whether Rush typically asked individuals if they had used alcohol or drugs before the test, and whether Rush asked Andrews such a question. At no point did Andrews' attorney object to this line of questioning or stipulate to the accuracy of the test results; rather, she waited until Rush testified about Andrews' statement before claiming that she never intended to raise the drug issue as a challenge to the test. Under all of these circumstances, we do not believe that the State was precluded from offering evidence of Andrews' statement as a relevant circumstance surrounding the administration of the polygraph test.

Moreover, even if the prosecutor's question was improper, the trial court did not abuse its discretion by refusing to grant a mistrial. "Whether to grant a mistrial based on improper character evidence is within the discretion of the trial judge. In reviewing the trial court's decision, an appellate court may consider the nature of the statement, the other evidence in the case, and the court's and counsel's action in dealing with the impropriety." (Footnotes omitted.) *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997). Whether curative instructions will suffice instead of a grant of mistrial is a matter within the discretion of the trial court. *Usher v. State*, 259 Ga. 835, 836-837 (2) (388 SE2d 686) (1990); *Wesley v. State*, 228 Ga. App. 342, 344 (3) (491 SE2d 824) (1997).

As discussed above, the issue of Andrews' drug use was relevant to the accuracy of the polygraph test, and was not a purely extraneous fact having no relevance to the issues being tried. Immediately before Rush testified as to Andrews' statement, the jury heard testimony about how alcohol and drug use could affect a polygraph test. The trial court's limiting instruction clearly advised the jury that it could only consider the testimony of drug use for the purpose of determining the validity of the polygraph test, and the jurors indi-

cated that they could follow the judge's instruction. Under these circumstances, the trial court was within its discretion in concluding that the jury could understand and follow the limiting instruction, and thus did not err in denying the motion for mistrial. See *Sims*, supra.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 31, 1998.

*Dallas Law Firm, Lucy J. Bell*, for appellant.

*Dennis C. Sanders, District Attorney, William P. Doupe, Assistant District Attorney*, for appellee.