## A00A1427. VILLEDROUIN v. THE STATE.
(542 SE2d 160)

BARNES, Judge.

Sean Shari Villedrouin appeals her conviction of one count of forgery in the first degree (OCGA § 16-9-1) for forging her ex-husband's name on a check made payable to CITGO Speedy Stop in the amount of $34.20. The check was drawn on a special custodial account for her benefit, but only her ex-husband was authorized to sign checks drawn on her account.

Villedrouin was sentenced to four years confinement to be served on probation, a fine of $1,000, plus $50 pursuant to OCGA § 15-21-73, plus $100 pursuant to OCGA § 15-21-90, plus $50 for the Crime Victims' Assistance Program pursuant to OCGA § 15-21-130, plus restitution in the amount of $34.20, plus a monthly probation supervision fee in the amount of $23. The court allowed the fine and fees to be paid at $25 per week. Further, as a special condition of probation, the court also ordered Villedrouin to "submit to mental health and/or drug/alcohol evaluation and/or treatment as directed by the Probation Department" and "that the defendant request and authorize unlimited disclosure of treatment to the Probation Department and

---

[17] OCGA § 19-9-6 (2).
[18] *Sanchez*, supra, 247 Ga. 26; *Parker v. Parker*, 242 Ga. 64, 66 (247 SE2d 862) (1978).
[19] *Martin*, supra, 185 Ga. App. 702.

that periodic reports be made by Georgia Mental Health Services at any time upon request by the Probation Department."

After her sentence was imposed, Villedrouin moved for reconsideration of her sentence to reduce or eliminate the fine, reduce the rate of payment, and waive the probation fee. She asserted that she had "limited employment potential and suffers from schizoaffective disorder and bipolar disorder" and she had no assets and no income, except for her "small monthly [Supplemental Security Income] check," if that was reinstated after her incarceration. Additionally, she was obligated to pay her ex-husband $60 per week in child support. The trial court denied the motion.

Villedrouin then filed this appeal. She contends the trial court erred by denying her motion for a new trial because, under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence is insufficient to sustain her conviction. She further contends the trial court erred by failing to give her request to charge on jury deliberations. As we find that the evidence was not sufficient to prove that Villedrouin committed the type of forgery with which she was charged, we must reverse her conviction.

1. On appeal the evidence must be viewed in the light most favorable to the verdict, the appellant no longer enjoys the presumption of innocence, and we determine the sufficiency of the evidence and neither weigh the evidence nor judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). Viewed to support the verdict, the evidence showed that the Villedrouins were married in 1988, the year their daughter was born, and they were divorced in 1990. Mr. Villedrouin received custody of the daughter in the divorce, and Mrs. Villedrouin moved to Louisiana. Later, she returned to the family home in Georgia and resumed living with her former husband and daughter. Although the Villedrouins did not remarry, they lived as husband and wife and had twins in 1996.

In 1997, Mrs. Villedrouin was diagnosed as suffering from bipolar and schizoaffective disorder; she had poor reading skills, poor concentration levels, and could follow only simple instructions. As a result, she was found to be entitled to monthly SSI benefits of $329 from the Social Security Administration. Because of Mrs. Villedrouin's mental problems and problems handling money, a special bank account was set up for the disability payments and her husband was made custodian of the account. The disability checks were made payable to him as custodian, the special account was in his name, and he was the only one authorized to sign on the account.

In September 1998, Mrs. Villedrouin took the family van, the three children, and two books of checks for her special account without telling her husband. Although the oldest child returned that

night, Mrs. Villedrouin did not return with the twins for almost a week.

When Mr. Villedrouin learned that Mrs. Villedrouin had taken the checks, he called the police and also stopped payment on the missing checks. He also reported his ex-wife's return to the police and told them that he believed his ex-wife had cashed one of the checks at a grocery store. The police learned that Mrs. Villedrouin also used one of the checks at a CITGO Speedy Stop.

The evidence was uncontroverted that Mrs. Villedrouin wrote the check in front of the CITGO clerk, signed her ex-husband's name in front of the clerk, wrote her own name and address on the back of the check, and showed the clerk her own ID:

> [Prosecutor:] Did you watch — Did she execute, write out the check in your presence?
> [Clerk:] Yes. She wrote it on my presence.
> [Prosecutor:] The whole check?
> [Clerk:] Whole check.
> [Prosecutor:] Did she — What is the name that she signed on that check?
> [Clerk:] John Villedrouin.
> [Prosecutor:] But she represented that the name — Did she represent that her name was Sean Shari Davidson? . . .
> [Clerk:] I don't recall personally, but there was ID behind the check.
> [Prosecutor:] That was the ID that she presented to you, had the name Sean Shari —.
> [Clerk:] Yes.

The clerk also testified that he wrote down the woman's name, "Sean Shari Davidson," her address, and the vehicle tag number on the check. Mrs. Villedrouin did not testify at the trial.

By statutory definition, forgery in the first degree can be committed in any of three ways by knowingly and with intent to defraud uttering a writing: (1) in a fictitious name; (2) in such a manner that the writing purports to have been made by another person, at another time, with different provisions; or (3) in such a manner that the writing purports to have been made by the authority of one who did not give such authority. OCGA § 16-9-1. See *McBride v. State*, 202 Ga. App. 556, 557 (415 SE2d 13) (1992).

Here, Mrs. Villedrouin was indicted for forgery in the first degree in that she, in Gwinnett County,

> on the 13th day of September, 1998, did then and there unlawfully with intent to defraud, knowingly possess a cer-

tain writing, . . . in such a manner that the writing as made purports to have been made by another person, to wit: John Villedrouin and did deliver said writing, contrary to the laws of said State, the peace, good order and dignity thereof.

This indictment alleges a violation under the second form of forgery in the first degree because it asserts that the check was made by another person, John Villedrouin. The evidence set forth above, however, is uncontroverted that Mrs. Villedrouin wrote the check in front of the CITGO clerk, signed John Villedrouin's name in front of the clerk, wrote her own name and address on the back of the check, and showed the clerk identification in her own name. The evidence further shows that she told the clerk that the check belonged to her husband and the check itself was introduced into evidence with Mrs. Villedrouin's name and address on the back.

The essence of the second form of forgery in the first degree with which Mrs. Villedrouin was charged is that the "writing must purport to be the writing of another than the person making it." (Punctuation omitted.) *Pope v. State*, 179 Ga. App. 739, 741 (347 SE2d 703) (1986). See *Barron v. State*, 12 Ga. App. 342, 343, hn. 7 (77 SE 214) (1913). The prosecution, however, presented no evidence whatsoever that the check "as made purports to have been made by another person, to wit: John Villedrouin. . . ." Under the actual evidence in this case, the State indicted Mrs. Villedrouin under the wrong form of forgery in the first degree. She should have been indicted under the third form, i.e., "the writing . . . purports to have been made by [the] authority of one who did not give such authority." OCGA § 16-9-1 (a). And that was the form argued by the prosecutor at trial.

> If the indictment sets out the offense as done in a particular way, the proof must show it, or there will be a variance. In this case, though other allegations against the defendant could have been charged in additional indictments, the only allegations actually set forth in the indictment stated that [she] uttered writings [purportedly *made* by another]. The proof did not correspond to these allegations. Consequently, the evidence was insufficient to support the convictions because a rational trier of fact could not have found beyond a reasonable doubt that the defendant was guilty of the crimes as charged in the indictment.

(Citation and punctuation omitted.) *McBride v. State*, 199 Ga. App. 527, 529 (1) (405 SE2d 345) (1991).

Accordingly, Mrs. Villedrouin's conviction must be reversed because the evidence is insufficient to sustain her conviction within

the meaning of *Jackson v. Virginia,* supra, 443 U. S. 307.

2. As we have reversed Mrs. Villedrouin's conviction, we need not consider her second enumeration of error asserting an error in the trial court's refusal to give the charge she requested on jury deliberations. See, however, *Havron v. State,* 234 Ga. App. 413, 415 (3) (506 SE2d 421) (1998).

*Judgment reversed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 13, 2000.

*Edwin J. Wilson,* for appellant.

*Daniel J. Porter, District Attorney, R. Keith Miles, Assistant District Attorney,* for appellee.