## A02A1135. WATSON v. THE STATE.
(570 SE2d 30)

JOHNSON, Presiding Judge.

A jury found Jeffrey Watson guilty of attempting to traffic cocaine. He appeals, alleging there was insufficient evidence to support his conviction, the trial court erred in its charges to the jury, the trial court erred in limiting his cross-examination of a witness, and the trial court erred in sentencing him to pay a fine. Because each of these enumerations of error lacks merit, we affirm Watson's conviction.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that a sheriff's investigator arrested Johnny Houston for possession and trafficking in drugs. Subsequently, Houston agreed to assist the investigator in the investigation of drug trafficking and called Watson while the investigator listened. Houston and Watson agreed that Houston would deliver the cocaine and Watson would pay him $25,000. The exchange would take place in a shopping area known as the Pavilion. Agents concocted a mixture of five two-pound bags of confectionary sugar and wrapped it in silver duct tape to give it the appearance of cocaine. The drug transaction proceeded and authorities videotaped the transaction. The videotape was shown to the jury.

The videotape and the officers' testimony showed that Houston, who was a passenger in an undercover agent's car, drove to the designated shopping mall where the exchange was to take place. Shortly thereafter, Watson arrived driving a white pickup truck with dark tinted windows. Houston and Watson both exited their cars and met. Houston handed Watson the package containing the counterfeit contraband, and, in turn, Watson handed Houston a package containing what turned out to be $20 less than $25,000. A prearranged radio "take down" signal was transmitted, and officers began moving in on the white truck. At this point, Watson jumped in his truck and fled from the scene. He drove to a nearby store's parking lot and ran into the store, continuing to try and hide from the officers. However, the officers arrested Watson at the store and recovered the counterfeit contraband.

In support of his insufficient evidence argument, Watson contends that Houston's testimony was not credible because he testified that he had no deal with the state. This argument is without merit. "Nothing is more firmly settled in the law than the principle that, in a jury trial, the jurors are the sole judges of the credibility of witnesses."[1] Here, Houston denied having received any benefit for his

---

[1] (Citations and punctuation omitted.) *Franklin v. State*, 208 Ga. App. 740, 741 (4) (431 SE2d 733) (1993).

cooperation, and the state's attorney stated that he knew of no deal. While the jury was free to accept or reject Houston's statement, we do not find that under the circumstances Houston's statement was so unbelievable as to warrant a reversal of Watson's conviction.

2. Watson contends the trial court erred by charging OCGA § 16-13-30 (i), namely, that it is illegal to possess a counterfeit substance if it is believed that the counterfeit substance was in fact a controlled substance, because the trial court did not define "counterfeit substance."[2] Watson contends that without the definition of a counterfeit substance, the jury must assume that possession of a bag of sugar, believing it to be cocaine, is a crime.

While Watson may have a valid argument if he had been convicted of a counterfeit substance charge, he was not. Here, Watson was charged with and convicted of attempting to traffic cocaine.[3] The evidence showed that Watson voluntarily entered what he perceived to be a bona fide drug sale. He arrived at the purchase site with all but $20 of the designated sum of money, took possession of the counterfeit substance, and handed the money to the seller. Clearly, Watson performed an act which constitutes a substantial step toward the commission of trafficking a contraband substance.[4] The fact that the substance sold to Watson was not, in fact, cocaine, does not relieve Watson of culpability for attempting to traffic cocaine because there is no evidence that he was aware the substance was not cocaine.[5] Whether the substance was, in fact, a counterfeit substance, is irrelevant.

Furthermore, we have reviewed the jury charges as a whole and do not find them to be confusing or misleading. It has long been the rule that where the trial court's charge as a whole is an accurate statement of the law, it is generally not a good ground for a new trial that the charge includes a statement, one portion of which is applicable and one portion of which is inapplicable or not adjusted to the facts.[6] Here, Watson was charged and convicted of attempting to traffic cocaine. While any reference to the crime of possession of a counterfeit substance was extraneous, we find it highly unlikely that the jury was misled by this portion of the charge, especially since the trial court read the indictment to the jury and instructed them throughout the jury charge that Watson was charged with attempting to traffic cocaine.[7]

---

[2] See OCGA § 16-13-21 (6).

[3] OCGA § 16-13-31.

[4] OCGA § 16-4-1.

[5] See OCGA § 16-4-4; *Guzman v. State*, 206 Ga. App. 170, 172 (2) (424 SE2d 849) (1992) (physical precedent only).

[6] See *Chandler v. State*, 213 Ga. App. 46, 47 (2) (443 SE2d 679) (1994).

[7] *Chandler*, supra.

Likewise, Watson's contention that the jury should have been given an instruction as to a verdict for the offense of possession of a counterfeit substance lacks merit. Clearly, Watson was not charged with such a crime, and it is highly probable the jury was not prejudiced or misled by the trial court's extraneous instruction on the crime of possession of a counterfeit substance. No instruction as to a verdict on this offense was required or warranted, and the trial court did not err in failing to give such a charge.

3. Watson contends it was error for the trial court to charge the jury that they could convict Watson of possession of cocaine since it was undisputed that no cocaine was involved in the case. The record shows that the trial court charged as follows:

> Now, there is a lesser included offense in this particular case, and in that I charge you that if you should not believe beyond a reasonable doubt that the defendant is guilty of the offense of criminal attempt to traffic in cocaine but do believe that he attempted to possess cocaine beyond a reasonable doubt then you would be authorized to find the defendant guilty of possession of cocaine. In which event, the form of that verdict would be: We, the jury, find the defendant guilty of possession of cocaine.
>
> On the other hand, if you do not believe that the defendant is guilty of either of [the] offenses, attempting to traffic in cocaine or attempting to possess cocaine, or if you have any reasonable doubt as to the defendant's guilt then it would be your duty to acquit the defendant; that is, find him not guilty. In which event the form of the verdict would be: We, the jury, find the defendant not guilty.

While the trial court did, in fact, state that the jury could find Watson guilty of possession of cocaine, it is clear from the entire jury charge that this was a mere slip of the tongue. In the same sentence and in the following paragraph, the trial court noted that the offense was attempting to possess cocaine.

It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error.[8] Here, while the trial court inadvertently stated that the jury could find Watson guilty of possession of cocaine, it is clear when the charge is considered as a whole that the lesser included offense was, in fact, attempting to possess cocaine and that the state had the burden of proving Watson attempted to possess cocaine beyond a reasonable doubt. Considering the jury charge as a whole,

---

[8] *Williams v. State*, 201 Ga. App. 384, 385 (2) (411 SE2d 316) (1991).

we find no likelihood that the jury was confused or misled, and therefore find no harmful error.[9]

4. Watson contends the trial court erred in limiting his cross-examination of Houston. According to Watson, he should have been permitted to examine Houston regarding the identity of Houston's cocaine supplier. We find no merit in this argument.

Although a defendant has the right to a thorough and sifting cross-examination, the scope of this examination is not unlimited; the extent of the examination is within the discretion of the trial judge and will not be disturbed absent an abuse of the trial judge's discretion.[10] Moreover, although Georgia law favors the admission of any relevant evidence, no matter how slight its probative value, the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial judge.[11] Here, Watson's attorney questioned Houston regarding the identity of his cocaine supplier, and the state objected on the ground of relevancy. We find no abuse of discretion. The identity of Houston's drug source was not relevant to whether Watson attempted to traffic cocaine or attempted to possess cocaine.

5. In his final enumeration of error, Watson contends the trial court erred in sentencing him to pay a $10,000 fine because he did not receive a probated sentence. In support of this argument, Watson cites *Gonzalez v. State*,[12] where this Court held that fines are not authorized under OCGA § 16-13-33 and may not be imposed under OCGA § 17-10-8 unless the accused is sentenced to probation. While we agree with Watson's interpretation of *Gonzalez*, that case is not applicable here.

In *Gonzalez*, the defendant was convicted of conspiracy to traffic cocaine and marijuana, and there is no provision for the imposition of a fine for such an offense. However, this is not a conspiracy case. Here, Watson was convicted of attempting to traffic cocaine. Under OCGA § 16-13-31, fines may be imposed for trafficking cocaine depending on the quantity of the drugs involved. And, under OCGA § 16-4-6, a person convicted for criminal attempt to commit a felony may be fined up to one-half the maximum fine for which he could have been subjected if he had been convicted of the crime attempted. Since the controlling statutes both authorize imposition of a fine and since the fine imposed in this case is within the applicable limit, the trial court did not err in imposing the fine.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

---

[9] See *Martin v. State*, 228 Ga. App. 59, 62-63 (2) (491 SE2d 142) (1997).
[10] *Bell v. State*, 235 Ga. App. 825 (510 SE2d 589) (1998).
[11] Id.
[12] 201 Ga. App. 437 (411 SE2d 345) (1991).

DECIDED JULY 29, 2002 

*Gordon, Brown & Eberhardt, Gerald W. Brown*, for appellant.
*William T. McBroom III, District Attorney, Thomas J. Ison, Jr.*, *Assistant District Attorney*, for appellee.