S02G1813. WATSON v. THE STATE.
(576 SE2d 897)

THOMPSON, Justice.

In *Watson v. State*, 256 Ga. App. 789 (570 SE2d 30) (2002), the court affirmed the imposition of a fine in conjunction with a prison sentence for the offense of criminal attempt to traffic in cocaine. We granted certiorari, and reverse.

In both *Gonzalez v. State*, 201 Ga. App. 437 (411 SE2d 345) (1991), and *Raftis v. State*, 175 Ga. App. 893 (7) (334 SE2d 857) (1985), the Court of Appeals held that the clear language of OCGA § 16-13-33[1] precludes the imposition of a fine in conjunction with a

---

[1] OCGA § 16-13-33 provides:
Any person who attempts or conspires to commit any offense defined in this article

prison sentence for conspiracy to violate the Georgia Controlled Substances Act. We agree with the reasoning of those cases. And since OCGA § 16-13-33 by its terms applies equally to attempt and conspiracy, it clearly precludes a fine in the present case. As was explained so aptly in *Raftis*, supra at 898:

> [I]f sentencing for the conspiracy for which appellant was convicted was controlled by the general provisions of OCGA § 16-4-8, a sentence of up to 15 years and/or a fine of $12,500 would be authorized. OCGA § 16-4-8 is not, however, the applicable sentencing provision in the instant case. OCGA § 16-13-33 is. "[T]he most reasonable interpretation of the legislative intent in enacting [OCGA § 16-13-33] was to supplant the general punishment provision . . . with a specific (and potentially more harsh) punishment provision for attempt or conspiracy to possess controlled substances." [Cits.] Rather than one-half of the maximum sentence applicable to the substantive crime, OCGA § 16-13-33 provides for potentially harsher punishment in the form of *"imprisonment* not exceeding the *maximum* punishment prescribed for the [Georgia Controlled Substances Act] offense, the commission of which was the object of the attempt or conspiracy."* (Emphasis supplied.) OCGA § 16-13-33 does not, however, make any specific provision for the imposition of a fine. Penal statutes are construed strictly against the State and, in any case of uncertainty, the accused is entitled to have the lesser of two penalties administered. [Cit.]

Since under OCGA § 16-13-33, a conviction for criminal attempt to violate the Georgia Controlled Substances Act does not authorize the imposition of a fine, *Watson*, supra, is reversed to the extent that it holds to the contrary.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Gordon, Brown & Eberhardt, Gerald W. Brown*, for appellant.

---

[Georgia Controlled Substances Act, OCGA § 16-13-1 et seq.] shall be, upon conviction thereof, punished by imprisonment not exceeding the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

*William T. McBroom III, District Attorney, Thomas J. Ison, Jr., Josh W. Thacker, Assistant District Attorneys*, for appellee.