A03A1030. CAREY v. THE STATE.
(588 SE2d 434)

ANDREWS, Presiding Judge.

A DeKalb County jury found Phillip Carey guilty of two counts of disorderly conduct. On appeal, Carey claims that the trial court erred in denying his motions to dismiss and in arrest of judgment because the accusation was fatally defective. Carey also contends that the evidence was insufficient to support a conviction; that the state improperly put his character into issue; and that the trial court's improper instruction of the jury requires a new trial. We find these claims to be without merit and affirm.

Viewed in a light most favorable to support the verdict, the evidence shows that Officer Kenney of the DeKalb County Police was dispatched to check a 911 call. The radio operator told Kenney that the caller claimed that the caller's mother was possessed by 18 demons, and that the caller "was now going to liberate her from those demons." After Kenney arrived at the address he knocked on the front door for about five minutes, during which time Officer Cummings and Officer Watson arrived in a second patrol car. Just after the arrival of the two additional officers, an agitated and "wild eyed" Carey opened the door. Kenney asked Carey, who was dressed only in a pair of boxer shorts, to step outside.

Kenney explained that the police had received a call from this location, and that he wanted to make sure that Carey's mother was okay. Carey told Kenney that Carey's mother was not inside. When Kenney asked if he could go inside to check and make sure Carey's mother was okay, Carey refused and became agitated and informed Kenney that Rottweilers would attack if he tried to go inside.

Carey began quoting scripture. He approached the three officers, saying "shake my hand," while the officers backed away. Carey called the officers cowards, cursed at them, and continued quoting scripture. Carey stopped, got on his knees to pray, then came toward the officers, asking to shake hands with Kenney.

Officer Cummings extended his hand to Carey, but Carey ripped Cummings's glove off. The officers went to the street to discuss the situation. Carey followed them and continued to approach the officers, while the officers backed away. Carey pursued the officers in circles around a patrol car while he beat on the vehicle. Carey pointed at Cummings's pistol and told him "y'all think y'all all big and bad with y'all fire power." Carey said that, "you come to my house again I'm going to kill all of you." Carey also told Cummings that, "I'll make David [Karesh] look like a choir boy" and "I'm going to light all of you up with my M16." Finally, Carey pointed at Cummings and pronounced that, "in the name of Jesus I am going to blow your fucking head off." At that point, the officers took Carey into custody.

1. During trial, Carey made an oral motion to dismiss the accusation. Carey then filed a written motion in arrest of judgment after trial. The trial court denied both motions. Carey claims the trial court erred in denying these motions because the accusation was fatally defective. We disagree.

Although any exception to the form of an indictment should be made in writing and before entering a plea to the merits, if an indictment is so defective that "judgment upon it would be arrested, attention may be called to this defect at any time during trial, and it may be quashed on oral motion." (Citations and punctuation omitted.) *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993). For this purpose, "[i]f all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good." (Citation and punctuation omitted.) Id.

The accusation charged Carey with three counts of disorderly conduct by "acting in a tumultuous manner toward" Kenney, Cummings, and Watson by placing each officer "in reasonable fear of his safety, in violation of [OCGA] § 16-11-39 (a) (1)." Disorderly conduct under OCGA § 16-11-39 (a) (1) consists of acting "in a violent or tumultuous manner toward another person whereby such person is

placed in reasonable fear of the safety of such person's life, limb, or health." Carey shows that while the statute requires that the victim be placed in reasonable fear of safety to "life, limb, or health," the accusation against Carey only states that he placed the officers in reasonable fear of their "safety." He contends that it is not a crime simply to make someone feel unsafe.

In viewing an indictment, the test of its sufficiency "is not whether it could have been made more definite or certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." (Citation and punctuation omitted.) *Wade v. State*, 223 Ga. App. 222, 223 (477 SE2d 328) (1996). In determining whether the defendant has been so apprised, language absent from the indictment may be cured by reference to the statute. Id. at 224. Carey need only have examined the statute referred to in the accusation to conclude that he was accused of placing Cummings, Watson, and Kenney in reasonable fear of the safety of their life, limb, or health. Accordingly, the trial court did not err in overruling Carey's motions to dismiss the accusation and in arrest of judgment.

2. Carey contends that the trial court erred in denying his motion for a directed verdict because the evidence was insufficient to show that Carey was guilty of disorderly conduct. For this purpose, the question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Roberts v. State*, 258 Ga. App. 107 (1) (572 SE2d 744) (2002). We view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The jury found Carey guilty of disorderly conduct in the counts involving officers Kenney and Cummings. The officers retreated from the "wild eyed" Carey from Carey's front door all the way to the street, while Carey called Kenney a "coward" and ripped the glove off of Cummings's hand. Carey chased the officers around a patrol car, banging on the vehicle, and eventually threatened to kill them. The officers were clearly apprehensive, and a rational trier of fact could conclude that Carey's aggressive and bizarre behavior placed Kenney and Cummings in reasonable fear of the safety of their life, limb, or health. The trial court did not err in denying Carey's motion for a directed verdict.

3. Carey claims the state impermissibly put his character into issue. While the state cannot put a defendant's character into evidence unless the defendant opens the door by putting his character

into issue, *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980), if evidence probative of another purpose incidentally places the defendant's character into evidence it does not violate the prohibition and is admissible. *Andrews v. State*, 235 Ga. App. 858, 859 (510 SE2d 841) (1998). Carey complains that Officer Kenney was allowed to testify that Carey had a "wild look in his eyes." Carey shows that Cummings testified that Carey was speaking "almost out of his mind" and was not in "the proper state of mind." The evidence is clearly probative of why the officers were apprehensive of Carey, and at issue was whether the officers were in reasonable fear for their safety. Accordingly, Carey cannot show that the state improperly placed his character into evidence. Furthermore, Carey did not object to the allegedly improper character evidence, and so the objection is waived for purposes of this appeal. *Anthony v. State*, 236 Ga. App. 257, 259 (2) (511 SE2d 612) (1999).

4. Carey contends that the trial court erred in instructing the jury that, as to Count 3 of the accusation, "if you do not believe the defendant is guilty of this count or have any reasonable doubt as to the defendant's guilt, it would be your duty to convict the defendant." Carey argues that the instruction is both erroneous and harmful, and that even if the instruction was a slip of the tongue by the trial court that it was so confusing or misleading to the jury that he is entitled to a new trial. See *Gober v. State*, 247 Ga. 652, 655 (278 SE2d 386) (1981).

The wording of the jury instruction is clearly erroneous. The question is whether the jury charge as a whole was misleading or confusing. See *Watson v. State*, 256 Ga. App. 789, 790 (2) (570 SE2d 30) (2002), rev'd on other grounds, 276 Ga. 212 (576 SE2d 897) (2003). The trial court correctly instructed the jury on the presumption of innocence and reasonable doubt. The instructions as to the first two counts were also correct. The trial court charged that "if you do not believe the defendant is guilty of this count or if you have any reasonable doubt as to the defendant's guilt, then it would be your duty to acquit the defendant." Furthermore, the remainder of the instruction as to Count 3 shows that the trial court instructed the jury to enter "not guilty" if they had any reasonable doubt as to Carey's guilt. Looking at the charge as a whole, it is clear that the jury could not have been misled into thinking that, as to Count 3, they should convict Carey if they did not believe he was guilty. There was no reversible error.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED SEPTEMBER 9, 2003 — 

*Sexton & Morris, Ricky W. Morris, Jr., Joseph S. Key*, for appellant.

*Gwendolyn R. Keyes, Solicitor-General, Michael A. Kay, Courtney L. Johnson, Assistant Solicitors-General*, for appellee.