## A08A0896. ALLEN v. THE STATE.
(667 SE2d 215)

SMITH, Presiding Judge.

A jury found Harbonius Allen guilty of three counts of financial transaction card theft, two counts of misdemeanor theft by taking, and one count of felony theft by taking. Allen appeals, challenging the sufficiency of the evidence. For reasons that follow, we affirm in part and reverse in part because we find that as to one — but only one — of the six counts the evidence was indeed insufficient.

In reviewing Allen's sufficiency challenge, we construe the evidence favorably to the jury's verdict. *Stack-Thorpe v. State*, 270 Ga. App. 796, 802 (5) (608 SE2d 289) (2004). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find Allen guilty beyond a reasonable doubt. Id.

So viewed, the evidence shows that the charges against Allen arose out of three incidents of theft in the late spring and summer of 2006. On May 29, 2006, 16-year-old Laken White drove to a Starbucks coffee shop, where she met several friends. She left her purse on the back seat of her car and entered the shop. One of her friends took her car keys, and he drove two other boys across the Starbucks parking lot to a Taco Bell. While the boys were in White's car, Allen approached, stating that his vehicle had run out of gas and that he needed money. The driver offered to give Allen money located in his own vehicle, which was parked at Starbucks, and Allen entered White's car, sitting in the back seat next to one of White's friends. At that point, the friend in the back put his arm around White's purse.

When the group arrived at Starbucks, White noticed Allen in her car and approached to find out who he was. The boys riding in the front and back passenger seats got out, leaving only the driver and Allen in the vehicle. White then saw her purse on the back floorboard, upside down with its contents spilling out. At White's request, Allen handed her the purse, and she noticed that her wallet, containing $60 cash, a gift card, and her driver's license, was missing.

As White and her friends looked for the wallet, Allen stepped out of the vehicle and began walking away. White's friends questioned him about the missing wallet, and Allen stated that he had not seen it. He also emptied one of his pockets, revealing no wallet. White called the police, and the teenagers described Allen to the responding officer. The officer concluded that the description fit Allen, whom the officer knew.

Several days later, on June 4, 2006, Terry Taschwer placed his money clip containing over $1,000, two credit cards, and a bank card in the center console of his car and drove with his wife to a grocery store. As they walked toward the store from the parking lot, Allen approached, requesting gas money for his car. They gave him several dollars, and Allen asked for a ride to the gas station. When Taschwer agreed to take Allen to the station while his wife shopped, Allen entered the front passenger seat of Taschwer's car.

During the drive, Allen asked whether he could have a piece of candy from a bag located in the car's center console, next to the money clip. Taschwer told him to take a piece, and Allen reached into the console. After Taschwer left Allen at the gas station, he noticed that his money clip was missing, and he was unable to locate it. He then called the police.

One month later, Sebastian Geddes was driving with his six-year-old grandson when Allen approached his car, requesting gas money. Geddes gave Allen ten dollars, then agreed to drive him to his car. Allen entered the back seat of Geddes' car, next to Geddes' grandson, and told Geddes where to take him. When they arrived, Allen got out, but Geddes did not see a car.

Geddes subsequently realized that his wallet, which he had left on the back seat when he buckled his grandson into a car seat, was missing. Geddes looked for it, retracing the route he and his grandson had traveled that day, but could not locate the wallet. The following day, Geddes' grandson stated that he had seen Allen take the wallet. At trial, the grandson confirmed that Allen removed the wallet from the back seat.

Based on the evidence presented, the jury found Allen guilty of three counts of financial transaction card theft by taking financial transaction cards from Terry Taschwer (Counts 2 through 4), theft by taking currency from Taschwer (Count 1), theft by taking currency from Laken White (Count 5), and theft by taking currency from Sebastian Geddes (Count 6). Allen challenges his convictions, asserting that the evidence was insufficient to support the verdicts.

We disagree as to the crimes involving Taschwer and White. As noted by Allen, no one saw him take property from these individuals, and the evidence against him was circumstantial. A conviction, however, may be based on circumstantial evidence when the facts not

only prove the hypothesis of guilt, but exclude every other reasonable hypothesis except the guilt of the accused. *Stack-Thorpe*, supra, 270 Ga. App. at 802-803. Ultimately, "the question of whether an alternate hypothesis for a crime is reasonable is for the jury, as is the determination of whether the State excluded all reasonable hypotheses except the defendant's guilt." (Citation omitted.) Id. at 803.

On appeal, Allen argues that someone else could have taken the property at issue, or the victims could have simply lost their belongings. As to White, however, the State offered evidence that the purse containing her wallet was upright on her car's back seat when her friend exited, leaving Allen alone in the back. When White next saw her purse, it was turned over on the floorboard near Allen, and her wallet — as well as $60 in cash — was missing. Allen walked away from the scene while White and her friends looked for her wallet, which was never found. Moreover, although Allen emptied one of his pockets when questioned about the wallet, he did not empty them all.

Given these circumstances, the jury was authorized to find that the only *reasonable* hypothesis was that Allen stole White's wallet and money. The evidence, therefore, supports Allen's conviction on Count 5. See *Stack-Thorpe*, supra, 270 Ga. App. at 802-803; *Pitmon v. State*, 265 Ga. App. 655, 657-658 (1) (595 SE2d 360) (2004); see also OCGA § 16-8-2 ("A person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated.").

Similarly, Taschwer testified that his money clip was in the center console of his car when Allen entered the front seat, and he noticed that it was missing after Allen left the vehicle. While in the car, Allen reached into the console for candy, which was located next to the money clip. Furthermore, Taschwer was not able to find his money clip or the cash, two credit cards, and bank card it contained. Such evidence permitted the jury to conclude that Allen took the money clip, cash, and financial transaction cards, as alleged in Counts 1 through 4. See *Stack-Thorpe*, supra; *Pitmon*, supra; see also OCGA §§ 16-8-2; 16-9-31 (a) (1) (person commits financial transaction card theft when "[h]e takes, obtains, or withholds a financial transaction card from the person, possession, custody, or control of another without the cardholder's consent"); 16-9-30 (5) (term "financial transaction card" includes, among other things, credit cards and banking cards).

With respect to Count 6 involving Sebastian Geddes, however, the State candidly admits that the evidence does not support the

YALE LAW LIBRARY

verdict.* Based on the testimony of Geddes and his grandson, the jury certainly could have determined that Allen took Geddes' wallet. But as the State explains in its appellate brief, the accusation charged Allen with theft by taking *currency* from Geddes. At trial, Geddes testified that he never carried cash in his wallet, and he stated that he had no money in it on the day of the theft. Under these circumstances, and given the State's concession, we agree that the evidence was insufficient to sustain Allen's conviction on Count 6. See *Villedrouin v. State*, 246 Ga. App. 774, 777-778 (1) (542 SE2d 160) (2000) (evidence insufficient where proof failed to demonstrate defendant guilty of crime charged in the indictment).

*Judgment affirmed in part and reversed in part. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 27, 2008.

*James S. Purvis*, for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

---

* The State's honest assessment in this regard represents the best standards of the bar and deserves high commendation.