## A10A0416. EILERS v. THE STATE.
### (697 SE2d 295)

SMITH, Presiding Judge.

Kenneth Eilers appeals from his conviction of failing to register as a sex offender. He contends insufficient evidence supports his conviction because the State failed to prove that he was required to register as a sex offender under OCGA § 42-1-12. We agree and therefore reverse.

OCGA § 42-1-12 (e) (3) requires sex offender registration "by any individual who . . . [h]as previously been convicted of a criminal offense against a minor and may be released from prison or *placed on* parole, supervised release, *or probation on or after July 1, 1996.*" (Emphasis supplied.) Sex offenders who are required to register must:

> (1) Provide the required registration information to the appropriate official *before being* released from prison or *placed on* parole, supervised release, or *probation*;
> (2) Register with the sheriff of the county in which the sexual offender resides *within 72 hours after the sexual offender's* release from prison or *placement on* parole, supervised release, *probation*, or entry into this state.

(Emphasis supplied.) OCGA § 42-1-12 (f) (1), (2).

The record shows that Eilers pled guilty to one count of child molestation and was sentenced to ten years of probation on June 27,

1995. The judge's sentencing order did not require him to register as a sex offender. For reasons that cannot be determined from the record before us, Eilers first registered as a sex offender in 2005 and again in July 2006. In July 2006, the sheriff's office informed Eilers that he would be required to register again on his birthday in February 2007. When Eilers failed to register at that time, he was arrested for violating OCGA § 42-1-12. The trial judge found him guilty and sentenced him to ten additional years of probation.

Based on this evidence, the State failed to prove that Eilers violated the sex offender registration requirements of OCGA § 42-1-12. Eilers was placed on probation on June 27, 1995, and the sex offender registration requirements apply only to offenders placed on probation after July 1, 1996.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 25, 2010.

*Edward P. Dettmar*, for appellant.

*T. Joseph Campbell, District Attorney, Rosemary M. Greene, Assistant District Attorney*, for appellee.