**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 25, 2013**

# In the Court of Appeals of Georgia

A13A0010. PARDON v. THE STATE.                                    DO-001 C

DOYLE, Presiding Judge.

After a jury trial at which Anthony James Pardon proceeded pro se, Pardon was convicted of two counts of failure of a registered sex offender to report a change in residence prior to moving,[1] two counts of first degree forgery,[2] and a recidivist charge.[3] Pursuant to OCGA § 17-10-7 (a), the trial court sentenced Pardon as a recidivist to 30 years, 10 to serve in prison. The trial court denied his motion for new trial, and Pardon appeals, arguing that (1) he did not knowingly and voluntarily waive his right to counsel; (2) the evidence was insufficient to support his convictions; and

---

[1] OCGA § 42-1-12 (e) (6).

[2] OCGA § 16-9-1 (b).

[3] OCGA § 17-10-7 (a).

(3) the trial court erred by sentencing him as a recidivist. For the reasons that follow, we affirm in part, reverse in part, and remand for resentencing.

Viewed in favor of the verdict, the evidence at trial showed that Pardon was indicted in 1981 for aggravated robbery, attempted murder, aggravated assault, and rape, and on May 4, 1982, he pleaded guilty to and was convicted of those charges.[4] On November 21, 2006, after his release from prison for the 1982 conviction, Pardon reported to Detective Terry Wassmuth of the Franklin County, Ohio Sheriff's Department at which meeting Wassmuth reviewed with Pardon the terms and conditions of sex-offender registration as well as Pardon's future registration obligations. At that meeting, Pardon registered under the name of "Anthony James Pardon." Pardon did not report to any Ohio agency to re-register 90 days thereafter as he was required to do. Sometime in late 2006 or early 2007, Pardon moved to Georgia.

In January 2007, Pardon and his girlfriend, Mauricia Pledger, applied to lease an apartment in the Heritage Point complex, at which time Pardon also applied for a position with the complex as their maintenance person. Pardon applied using the

---

[4] Two other charges were dropped. For further information regarding the incident resulting in Pardon's 1982 conviction, see *State v. Pardon*, 2000 Ohio App. LEXIS 3907 (Case no. 99AP-1336; decided Aug. 31, 2000).

name "Anthony Bohanan" and presented a photocopy of a Georgia driver's license that had a signature of "Anthony Bohanan" and was blank rather than containing the normal typed name of the licensee over the address. After realizing the discrepancies with the identification, a Heritage Point employee contacted a police officer, who eventually took out a warrant for Pardon's arrest.

On February 1, 2007, and again on February 7, 2007, Pardon received traffic citations, for which infractions he presented a Georgia driver's license with the name "Tommy James Pardon" and signed the citations using the same name.

When the officer investigating "Anthony Bohanan's" documents ran the driver's license number, he found the February citations for "Tommy James Pardon," and the social security number provided on the lease and employment applications returned "Anthony James Pardon," who was a registered sexual offender in Ohio based on the 1982 conviction. The officer served the warrant on Pardon on February 14, 2007, and Pardon explained that he served time in Ohio for the 1982 conviction, that he could not find a job after his release from prison in 2006, and that he subsequently moved to Georgia.

After Pardon bonded out of jail on March 5, 2007, an officer testified that Pardon failed to register in Floyd County as a sex offender, and the officer was not

3

able to locate Pardon at the address he provided upon leaving jail. Pardon was arrested in June 2007 in Ohio, and he was transported back to Georgia to face the instant charges.

Pardon was charged in two separate indictments that were consolidated for trial. The first indictment charged him with (1) Count 1: failure of a registered sex offender to report a change in residence prior to moving, alleging that Pardon failed to inform the Sheriff of Floyd County of his new address within 72 hours of moving as of March 9, 2007; (2) Count 2: failure of a registered sex offender to report a change in residence prior to moving, alleging that Pardon failed to inform the Sheriff of Floyd County of his new address within 72 hours of moving as of March 14, 2007; and (3) Count 3: providing false information regarding sex offender registration. The second indictment charged Pardon with (1) first degree forgery for applying for housing under the name Anthony Bohanan; (2) first degree forgery for making/altering/possessing a fraudulent driver's license in the name of Anthony Bohanan; (3) two counts of making a false writing or statement by signing two February 9 traffic citations under the name Tommy James Pardon; (4) making a false statement or writing for signing a February 1 traffic citation under the name Tommy James Pardon; (5) failure of a registered sex offender to report, alleging that Pardon

4

failed to inform the Sheriff of Floyd County of his entry into the State of Georgia within 72 hours as of February 9, 2007; (6) recidivism pursuant to OCGA § 17-10-7 based on his 1982 conviction.

With regard to the first indictment, the jury found Pardon guilty of Count 2, failure to register within 72 hours of moving as of March 14, and the jury found him not guilty of the two other charges. As for the second indictment, the jury found Pardon guilty of the two forgery counts and of the failure to register count, but found him not guilty of the three counts of making a false writing or statement.

1. Pardon contends that he did not knowingly and voluntarily waive his right to counsel. We disagree.

> As pronounced in *Faretta v. California*,[5] [a] defendant has the right of self-representation. However, a defendant cannot exercise this right unless it is shown that he has adequately waived his right to counsel. Accordingly, the record should reflect a finding of the trial court that the defendant has validly chosen to proceed pro se and that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.[6]

---

[5] 422 U. S. 806 (95 SCt 2525, 45 LE2d 562) (1975),

[6] (Citations and punctuation omitted.) *Horne v. State*, 318 Ga. App. 484, 492-493 (4) (733 SE2d 487) (2012).

In this case, "[t]he trial court had repeatedly informed [Pardon] of the dangers of his self-representation, noting that [Pardon] did not know the court rules and procedures. Prior to [Pardon']s election at trial, he also was advised of the nature of his charges and the possible punishment that he faced upon conviction."[7] It is clear that from the transcript of the waiver of rights hearing that Pardon "apprehen[ed] . . . the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter."[8] Accordingly, this enumeration is without merit.

2. Pardon contends that the evidence was insufficient to support his convictions. We disagree.

(a) *Failure to register.*

Citing *Eilers v. State,*[9] Pardon contends that the State failed to present sufficient evidence to establish that he was required to register as a sex offender

---

[7] Id. at 493 (4).

[8] (Punctuation omitted.) *Prater v. State*, 220 Ga. App. 506, 509 (469 SE2d 780) (1996).

[9] 304 Ga. App. 607 (697 SE2d 295) (2010).

under Ohio law for his 1982 rape conviction. *Eilers*, however, is inapposite because in that case, the defendant pleaded guilty to the prior offense in 1995 and was sentenced at that time to ten years of probation.[10] In this case, while Pardon pleaded guilty to rape in 1982, he was not released from prison until 2006.[11] Thus, while, Eilers was not required under the statute to register because his conviction and release to probation occurred prior to 1996 — the effective date of the registration statute — Pardon's release to probation occurred subsequent to 1996. Accordingly, the State provided sufficient evidence at trial to establish that Pardon was required to register under OCGA § 42-1-12 (e) (4).

(b) *Forgery.*

Pardon contends that (i) insufficient evidence supported the two counts of forgery because the State failed to establish that he signed the housing application in a "manner that the writing purports to have been made by another person," and (ii) the State failed to establish that he possessed the driver's license in the name of

---

[10] See id. at 607-608. See also OCGA § 42-1-12 (e).

[11] See OCGA § 42-1-12 (e) (4) ("Registration pursuant to this Code section shall be required by any individual who: [h]as previously been convicted of a sexually violent offense or dangerous sexual offense and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996.").

"Anthony Bohanan" with the intent to defraud.[12] Citing *Villedrouin v. State*,[13] Pardon contends that he did not sign the housing application with intent to defraud because evidence at trial established that he was called by the last name "Bohanan" (the last name of his step-father) for much of his life. Nevertheless, based on the evidence that Pardon generally used the last name Pardon, including by signing such name to his Floyd County traffic citations, the jury could infer that he utilized the name of "Bohanan" on the application with the requisite intent to defraud.[14] Moreover, the evidence supports the jury's guilty verdict as to the second count of forgery because the jury could infer from Pardon's use of the photocopy of the redacted driver's license that he possessed the document with the intent to defraud Heritage Point on his application for employment.

---

[12] See *Villedrouin v. State*, 246 Ga. App. 774, 776 (1) (542 SE2d 160) (2000) citing OCGA § 16-9-1 ("By statutory definition, forgery in the first degree can be committed in any of three ways by knowingly and with intent to defraud uttering a writing: (1) in a fictitious name; (2) in such a manner that the writing purports to have been made by another person, at another time, with different provisions; or (3) in such a manner that the writing purports to have been made by the authority of one who did not give such authority.").

[13] 246 Ga. App. at 774.

[14] See *Pope v. State*, 179 Ga. App. 739, 741 (1) (347 SE2d 703) (1986) (forgery in first degree as committed by one making a writing purporting to be the writing of another)

3. Pardon contends that the trial court erred by sentencing him as a recidivist pursuant to OCGA § 17-10-7 (a) because the court erred by using the 1982 conviction to enhance his sentence. We agree.

Pursuant to OCGA § 17-10-7 (a),

> any person who, after having been convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

The prescribed sentencing range applicable to OCGA § 42-1-12 is from one to thirty years and for first degree forgery is one to ten years.[15] Based on the recidivist count, the trial court sentenced Pardon to the maximum term for all four charges — 30 years for the failure to register counts and ten years for the forgery counts.

---

[15] See OCGA §§ 16-9-1 (b) (2008); 42-1-12 (n).

9

Pardon, who has only one prior conviction, argues that the trial court erred by allowing that prior conviction to serve as the basis both of his failure to register counts and his recidivist sentence under OCGA 17-10-7 (a).

This Court's recent decision in *Harris v. State*[16] explains, in the context of the crime of felon in possession of a firearm, why Pardon is correct:

> Our court held in *King v. State*,[17] that the State cannot use the prior felony conviction required to convict a convicted felon for being in possession of a firearm, and then use the same prior conviction to enhance the sentence to the maximum punishment for the offense under the repeat offender statute. The Georgia Supreme Court recently explained the rationale for this holding: the application of OCGA § 17-10-7 (a) eviscerates the sentencing range of one to five years set forth in OCGA § 16-11-131[,] possession of a firearm by a convicted felon[,] because the trial court is forced to impose a five-year sentence. In other words, the sentencing range of one to five years is eliminated by the requirement of OCGA § 17-10-7 (a) that a defendant shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense.[18]

---

[16] __ Ga. App. __ (2) (__ SE2d __) (Case No. A12A0808; decided May 30, 2013).

[17] 169 Ga. App. 444 (313 SE2d 144) (1984).

[18] (Footnotes, citations, and punctuation omitted.) *Harris*, __ Ga. App. at __ (2).

The same logic applies to the crime of failure to register as a sex offender under OCGA § 42-1-12 (n), which prescribes a sentencing range of one to thirty years for the first offense. If the State was allowed to apply the prior conviction of every defendant as a recidivist charge under OCGA § 17-10-7 (a), the range of one to thirty years would be eviscerated, and all defendants would be sentenced instead to thirty years.[19] Such a result would ignore the legislature's stated penalty range for failure to register as a sex offender, and it contravenes the requirement that penal statutes be construed strictly against the State.[20]

Here, Pardon had only one prior conviction — the 1982 conviction for which the failure to register as a sex offender stemmed. And despite the State's unsupported argument that the "rape" portion of his 1982 conviction was used to support the failure to register charge while the "other" portions of his 1982 conviction were used to support his recidivist charge, the legislature specifically stated otherwise within the OCGA § 17-10-7 (d): "[f]or the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or

_____

[19] See, e.g., id.

[20] See *Watson v. State*, 276 Ga. App. 212, 213 (576 SE2d 897) (2003).

more indictments or accusations consolidated for trial, shall be deemed to be only one conviction."[21]

Accordingly, the trial court erred by sentencing Pardon as a recidivist, and we remand for the purpose of resentencing.

*Judgment affirmed in part, reversed in part and remanded. McFadden and Boggs, JJ., concur.*

---

[21] See *Anderson v. State*, 176 Ga. App. 255, 255-256 (335 SE2d 487) (1985) (five prior crimes were consolidated for trial and could not be treated separately for purposes of recidivist sentencing). Compare with *Barbee v. State*, 308 Ga. App. 322, 327 (5) (707 SE2d 550) (2011) (totality of the circumstances surrounding defendant's three prior crimes, including that "[t]he three prior crimes involved different victims, and each conviction had a separate case number, indictment, and sentencing order.").