**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**April 21, 2014**

# In the Court of Appeals of Georgia

A14A0321. DORSEY v. THE STATE.

PHIPPS, Chief Judge.

Following a jury trial, a Whitfield County jury found Duandre Jamar Dorsey guilty of failure to yield the right of way upon entering a roadway ("failure to yield"),[1] driving under the influence of alcohol to the extent that it was less safe to drive ("DUI less safe"),[2] and causing serious injury by vehicle through the violation of OCGA § 40-6-391.[3] On appeal, Dorsey contends that the evidence was insufficient to support his convictions for these crimes.[4] For the reasons set forth below, we disagree.

---

[1] OCGA § 40-6-73.

[2] OCGA § 40-6-391 (a) (1).

[3] OCGA § 40-6-394.

[4] Dorsey was also found guilty of reckless driving, escape, serious injury by vehicle through violation of OCGA § 40-6-390, two counts of giving a false name to

Viewed in a light most favorable to the verdict,[5] the evidence shows that in the early morning of September 17, 2011, a City of Dalton police officer was in a parking lot attempting to reboot his patrol car's computer when he heard tires squealing. The officer looked up and saw a gold-colored passenger car pull into traffic and almost collide with an oncoming sports utility vehicle. He followed the car and initiated a traffic stop.

After receiving the license, the officer asked Dorsey to step out of the car. Dorsey denied having consumed any alcohol but submitted to a field sobriety test. On the horizontal gaze nystagmus ("HGN") test, Dorsey exhibited six of six possible clues. On the nine-step walk and turn test, Dorsey raised his hands away from his body to maintain his balance, stepped off the line several times, missed several heel-to-toe steps, and turned in the wrong direction, after which he lost balance and stepped off the line. During the one-legged stand test, the officer asked Dorsey to keep one foot off the ground approximately six inches with his arms at his side, while counting until told to stop. Dorsey was able to count to three before putting his foot

a law enforcement officer, and two counts of obstruction of a law enforcement officer. He does not challenge the sufficiency of the evidence to support his convictions on these counts.

[5] See *Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007).

2

down, started again, and was able to count to five while raising his hands several times before putting his foot down again.

After completing the field sobriety test, the officer administered an AlcoSensor breath test. On the fifth attempt at blowing into the machine,[6] Dorsey delivered a testable sample, and the result was positive for alcohol. The officer could also smell alcohol on Dorsey. After the AlcoSensor confirmed the presence of alcohol, the officer informed Dorsey that he was placing him under arrest for DUI.

Dorsey began to struggle as the officer attempted to handcuff him. Dorsey turned around, pushed the officer away, ran to the driver's side of his car and got inside. The officer followed. According to the officer, "the car took off with . . . both of us in it." As the car moved forward, the officer's upper body was in the car's doorway, and he held onto the door frame while commanding Dorsey to stop. The officer was thrown from the vehicle, and he suffered a broken arm and a dislocated shoulder.

After the officer called for help, other officers soon found Dorsey's car backed into two parking spaces at an apartment complex. They found open and closed

---

[6] The officer testified that on previous attempts Dorsey had either not blown hard enough into the tube or had blown too hard.

containers of alcoholic beverages in the vehicle. Three days later, acting on a tip, police entered a house and found Dorsey hiding under a large pile of clothes in the laundry room.

A Whitfield County grand jury indicted Dorsey for failure to yield, DUI less safe, reckless driving, escape, aggravated battery upon a peace officer, two counts of giving a false name to a law enforcement officer, two counts of causing serious injury by vehicle, and two counts of obstruction of a law enforcement officer. Following a trial, the jury acquitted Dorsey of aggravated battery upon a peace officer but found him guilty on all other counts.

On appeal, Dorsey contends that the trial court erred in denying his motion for new trial because the evidence was insufficient to support his convictions for failure to yield, DUI less safe, and serious injury by vehicle.[7] In assessing whether the evidence was sufficient to support his convictions, "[w]e neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the

---

[7] For purposes of sentencing, the trial court merged Dorsey's conviction for Count 5, causing serious injury by vehicle through the violation of OCGA § 40-6-390 (reckless driving) into Count 4, causing serious injury by vehicle through the violation of OCGA § 40-6-391 (DUI). See OCGA § 40-6-394. The trial court also merged Count 2, DUI less safe, into Count 4.

evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[8]

1. OCGA § 40-6-73 provides that "[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed." According to the arresting officer, Dorsey entered Chattanooga Road from the parking lot of a bar and restaurant. The officer testified that as a result Dorsey almost caused a collision in that "[t]he oncoming traffic came close to striking [Dorsey's] vehicle broadside on the driver's side door." Dorsey argues that no accident occurred, there was no video of the event, and the relevant evidence was presented through one officer's uncorroborated testimony. Nevertheless, with exceptions not applicable here, the testimony of a single witness is sufficient to establish a fact.[9] Accordingly,

---

[8] *Sidner v. State*, 304 Ga. App. 373, 374 (696 SE2d 398) (2010) (citations and punctuation omitted).

[9] See former OCGA § 24-4-8 (2012). Dorsey was tried before January 1, 2013, the effective date of the new Evidence Code.

we find that a rational trier of fact could have found beyond a reasonable doubt that Dorsey was guilty of failure to yield.[10]

2. OCGA § 40-6-391 (a) (1) provides that "[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive." Dorsey contends that his driving and behavior was not consistent with someone who was under the influence of alcohol.[11] In this respect, Dorsey argues that once the officer began following him, Dorsey drove appropriately and the officer did not witness any traffic violations. Dorsey also points to evidence that he was initially cooperative with the officer, stood straight and did not sway during the HGN test, did not sway during the one-legged stand test, and followed the officer's instructions on the walk and turn

---

[10] See, e.g., *Cecil v. State*, 263 Ga. App. 48, 50 (2) (587 SE2d 197) (2003) (finding that the testimony of one witness was sufficient to support appellant's conviction).

[11] Although the trial court merged Dorsey's conviction for DUI less safe into his conviction for serious injury by vehicle, "proof that [Dorsey] was guilty of DUI under OCGA § 40-6-391 is a required element for convicting him of serious injury by vehicle under OCGA § 40-6-394." *Garrett v. State*, 306 Ga. App. 429, 431 (702 SE2d 470) (2010). Compare *Nelson v. State*, 277 Ga. App. 92, 96 (1) (b) (625 SE2d 465) (2005) (declining to address the sufficiency of the evidence to convict on a count which the trial court merged into another count for purposes of sentencing).

6

test, except for turning the wrong way.[12] But given the evidence regarding Dorsey's manner of driving in entering the roadway, the smell of alcohol on Dorsey's person, the positive result of the AlcoSensor test, Dorsey's performance on the field sobriety tests, the open containers of alcohol in the vehicle, and Dorsey's decision to flee from the scene, any rational trier of fact could have found beyond a reasonable doubt that Dorsey was driving under the influence of alcohol to the extent that it was less safe for him to drive.[13]

---

[12] Dorsey also suggests that "flashlights" can interfere with the HGN test, but the testimony to which he refers shows that, according to the arresting officer, "[t]he flashing lights can interfere with my ability to detect the bouncing of the eyes," and "[t]hat's why I shut them off."

[13] See, e.g., *Hinton v. State*, 319 Ga. App. 673, 675-676 (738 SE2d 120) (2013) (evidence sufficient to support appellant's conviction for DUI less safe included sergeant's testimony that appellant was speeding and driving onto the sidewalk, had a smell of alcohol on her breath, was belligerent, and failed the HGN test); *Corbin v. State*, 305 Ga. App. 768, 769-770 (1) (700 SE2d 868) (2010) (evidence supporting conviction for DUI less safe included defendant's erratic driving, his odd and belligerent behavior, the odor of alcohol on his breath and his person, and an open container found in his truck); *Merritt v. State*, 288 Ga. App. 89, 94 (1) (653 SE2d 368) (2007) (the jury was entitled to consider defendant's flight from the scene as evidence that it was less safe for him to drive); *Lee v. State*, 280 Ga. App. 706, 707 (634 SE2d 837) (2006) (evidence supporting DUI less safe conviction included driver's speeding, his odd behavior, the odor of alcohol on his breath, and the two open containers in his vehicle).

3. OCGA § 40-6-394 provides, as applicable here, that "[w]hoever, without malice, shall cause bodily harm to another . . . by rendering a member of his body useless . . . through the violation of Code Section . . . 40-6-391 shall be guilty of the crime of serious injury by vehicle." Dorsey does not challenge the sufficiency of the evidence to establish that he caused the officer bodily harm for purposes of the crime. Rather, he asserts that the evidence was not sufficient to show that he violated OCGA § 40-6-391, as required by the statute. However, as discussed supra, the evidence was sufficient to show that Dorsey was guilty of DUI less safe. Accordingly, we find that any rational trier of fact could have found Dorsey guilty beyond a reasonable doubt of serious injury by vehicle.

*Judgment affirmed. Ellington, P. J., and McMillian, J., concur.*

8