**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 21, 2014**

# In the Court of Appeals of Georgia

A14A1463. DAVIS v. THE STATE.

PHIPPS, Chief Judge.

Wayne Anthony Davis appeals his convictions for kidnapping (with bodily injury),[1] aggravated assault (family violence),[2] and failure to register as a sex offender.[3] He contends that the evidence was insufficient to support his convictions.

---

[1] OCGA § 16-5-40 (a) ("A person commits the offense of kidnapping when such person abducts or steals away another person without lawful authority or warrant and holds such other person against his or her will."); OCGA § 16-5-40 (d) (4) (regarding punishment where the person kidnapped received bodily injury).

[2] OCGA §§ 16-5-21 (b) ("A person commits the offense of aggravated assault when he or she assaults: . . . (2) With a deadly weapon or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." ); OCGA § 16-5-21 (k) (regarding punishment where the offense is committed between, pertinently, persons living or formerly living in the same household).

[3] OCGA § 42-1-12.

The evidence was sufficient to support the convictions for kidnapping and aggravated assault, so we affirm those convictions. However, because the evidence was not sufficient to support the conviction for failure to register as a sex offender, we reverse that conviction.

> In assessing whether the evidence was sufficient to support [Davis's] convictions, we neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

So viewed, the evidence showed the following. Davis and L. A. had been dating for several years and, from January 2011 to about May 2011, Davis resided with L. A. in her home on Corps Airport Road in Decatur County, Georgia "the majority of the time." Although Davis operated a business in Bristol, Florida, he kept clothing and other personal items at L. A.'s home, usually going to her home when he left work; he "stayed" in L. A.'s home more than 30 days in 2011.

---

[4] *Dorsey v. State*, 327 Ga. App. 226, 227-228 (757 SE2d 880) (2014) (footnote and punctuation omitted).

On about May 2, 2011, about two days after L. A. ended the relationship, Davis entered L. A.'s home and struck L. A. with a baseball bat several times on the head and on the arm. He bound her hands, placed her in the trunk of a vehicle, and poured gasoline over her head. With L. A. in the truck, Davis drove the vehicle for about 30 to 45 minutes, then let L. A. out of the trunk in a wooded area in Bristol, Florida and threatened to kill her. L. A., who was then bleeding, dizzy, and unable to stand or walk, persuaded Davis to summon help for her. Davis phoned 911, and L. A. was taken by ambulance to a Tallahassee, Florida hospital. There, L. A. received, along with other treatment, stitches to repair 20 centimeters of lacerations to her head. When asked at trial whether L. A.'s injuries were significant, the emergency room physician who had treated her characterized them as "horrible."

1. Without stating any specific basis therefor, Davis contends that the evidence was insufficient to support the convictions for kidnapping (with bodily injury)[5] and

---

[5] The indictment charged Davis with kidnapping, pertinently alleging that he abducted L. A. without lawful authority and held her against her will, with said act resulting in bodily injury to L. A.

3

aggravated assault.[6] Based on the evidence presented, the contention is without merit.[7]

2. Davis contends that the evidence was insufficient to prove that he failed to adhere to the requirements of OCGA § 42-1-12 (e) (7) because: (a) he was not required to register the Corps Airport Road address, which was only his temporary address; and (b) testimony from the state's witness regarding Davis's alleged failure to register was insufficient to prove that he had failed to register as required by the statute.

The indictment charged that Davis committed the offense of failure to register as a sex offender in that on or about May 2, 2011, in Decatur County, Georgia, he was

> required to register pursuant to OCGA § 42-1-12 (e) by virtue of having previously been convicted of the offense of Lewd Assault, Sexual Battery on Minor . . . on June 14, 1999, in Gadsden County, Florida, . . . and having been released from prison and having moved to the State of Georgia, did fail to comply with the requirements of OCGA § 42-1-12

---

[6] The indictment charged Davis with aggravated assault (family violence), pertinently alleging that he assaulted L. A. with a baseball bat, an object which when used offensively is likely to and actually did cause serious bodily injury by striking her arm and head, and that Davis and L. A. formerly had lived in the same household.

[7] See generally *Kinsey v. State*, 326 Ga. App. 616, 626 (7) (a) (757 SE2d 217) (2014); *Lewis v. State*, 317 Ga. App. 218, 220 (1) (735 SE2d 1) (2012).

(f) by failing to notify the Decatur County Sheriff's Office, within 72 hours prior to establishing his new residence, in violation of OCGA § 42-1-12 (n).

OCGA § 42-1-12 (e) pertinently provides:

Registration pursuant to this Code section shall be required by any individual who: (1) Is convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor; (2) Is convicted on or after July 1, 1996, of a dangerous sexual offense; (3) Has previously been convicted of a criminal offense against a victim who is a minor and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996; (4) Has previously been convicted of a sexually violent offense or dangerous sexual offense and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996; . . . (7) Is a nonresident sexual offender who enters this state for the purpose of employment or any other reason for a period exceeding 14 consecutive days or for an aggregate period of time exceeding 30 days during any calendar year regardless of whether such sexual offender is required to register under federal law, military law, tribal law, or the laws of another state or territory[.]

OCGA § 42-1-12 (f) pertinently provides:

Any sexual offender required to register under this Code section shall: . . . (2) Register in person with the sheriff of the county in which the sexual offender resides within 72 hours after the sexual offender's

release from prison or placement on parole, supervised release, probation, or entry into this state; . . . (3) Maintain the required registration information with the sheriff of each county in which the sexual offender resides or sleeps[.]

Any sex offender who fails to register as required under OCGA § 42-1-12 and who fails to comply with the requirements of said code section shall be guilty of a felony.[8]

Assuming, without deciding, that Davis was required to notify the Decatur County Sheriff's Office that he was establishing the Corps Airport Road address as his residence, the state did not prove that he had failed to give such notice.

At trial,[9] to prove the charge that Davis had failed to register as a sex offender as alleged in the indictment, the state called only one witness. After the witness stated her name and affirmed that she had been sworn, the following examination occurred:

Q: [L.C.], what do you do for the sheriff's office?
A: I register sex offenders.
Q: What does that mean?
A: If you're a convicted sex offender, you have to register in the state where you live or where you're employed, if you are in the state vacationing or volunteering, you have to register with that county where you are at.

---

[8] OCGA § 42-1-12 (n) (1).

[9] This was the second part of the bifurcated jury trial.

Q: And how many days do they have to be living there in the calendar year in order for them to register with you?

A: If they're there for 14 days or 30 day in calendar year, they have to register with the sheriff's office.

Q: And has a Wayne Anthony Davis ever registered and [sic] address on Corps Airport Road with *you*?[10]

A: No, sir, he has not.

Q: Have you ever seen him before?

A: No.

Q: And he has to register within 72 hours of changing the residence; is that correct?

A: Seventy-two hours prior to moving, they have to register.

The witness gave no further testimony. We note that the witness did not testify, for example, that she was working at the sheriff's office at the time Davis was required to register, or that she was the only person in that office with whom Davis could have registered; nor did the witness testify that if Davis had registered with the sheriff's office, his registration would be included in certain records and that she had reviewed such records, but that no such registration was included therein.

"[T]he burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a

---

[10] (Emphasis supplied.)

7

reasonable doubt."[11] A rational trier of fact could not have found beyond a reasonable doubt from the evidence presented that Davis violated the sex offender registration requirements of OCGA § 42-1-12.[12] Therefore, the conviction for failure to register as a sex offender must be reversed.

*Judgment affirmed in part and reversed in part. Ellington, P. J., and McMillian, J., concur.*

---

[11] *Sharpe v. State*, 291 Ga. 148, 151 (4) (728 SE2d 217) (2012) (citation omitted); see OCGA § 16-1-5 ("Every person is presumed innocent until proved guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt.").

[12] See generally *Eilers v. State*, 304 Ga. App. 607-608 (697 SE2d 295) (2010).