# Court of Appeals
# of the State of Georgia

ATLANTA,    April 21, 2016

*The Court of Appeals hereby passes the following order:*

**A16A1365. WAYNE ANTHONY DAVIS v. THE STATE.**

Wayne Anthony Davis was convicted in the Superior Court of Decatur County of kidnapping (with bodily injury) and aggravated assault (family violence). He was sentenced on May 9, 2012, to life imprisonment (for kidnapping with bodily injury) and to twenty years imprisonment (for aggravated assault, family violence), to run concurrently. Davis appealed. This Court affirmed his convictions for kidnapping and aggravated assault. See *Davis v. State*, 330 Ga. App. 118 (1) (766 SE2d 566) (2014). The Superior Court of Decatur County received and filed the remittitur on December 12, 2014.

On February 9, 2016, Davis filed pro se a "Motion to Reduce/Modify Sentence," arguing that he was held in jail without just cause for more than 72 hours after his arrest in Liberty County, Florida, and that investigators gave false information to the court. The trial court ruled that the allegations in Davis's motion to reduce his sentence could only be addressed by a petition for a writ of habeas corpus and dismissed the motion. Davis then filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may correct or reduce a criminal sentence within one year of the date upon which the sentence was imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later. In this case, Davis filed his motion more than one year after the date upon which the sentences were imposed, and more than 120 days after receipt by the sentencing court of the remittitur upon affirmance on direct appeal of the convictions and sentences. After the expiration of the period provided in OCGA § 17-10-1 (f), the sentencing court has jurisdiction to modify a sentence

only if and to the extent the defendant's motion to modify the sentence presents a cognizable claim that the sentence was void, that is, that the sentence imposes punishment the law does not allow. *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013); *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Generally, a sentence that falls within the statutory range of punishment is not void. *von Thomas v. State*, 293 Ga. at 571-572 (2); *Jones v. State*, 278 Ga. at 670.

In this case, Davis did not argue in his motion that the sentences imposed exceed the statutory maximums or were otherwise void. Furthermore, the record shows that the sentences imposed did *not* exceed the statutory maximums. See OCGA § 16-5-40 (d) (4) ("A person convicted of the offense of kidnapping shall be punished by . . . [l]ife imprisonment or death if the person kidnapped received bodily injury."); OCGA § 16-5-21 (c) (Except as otherwise provided, "a person convicted of the offense of aggravated assault shall be punished by imprisonment for not less than one nor more than 20 years."), (k) (" If the offense of aggravated assault is committed between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons excluding siblings living or formerly living in the same household, the defendant shall be punished by imprisonment for not less than three nor more than 20 years."). Inasmuch as the assertions contained in Davis's post-appeal, post § 17-10-1 (f) motion seeking sentence modification did not raise a colorable claim that the sentences imposed were void, the trial court lacked jurisdiction to vacate or modify his sentences. *von Thomas v. State*, 293 Ga. at 575 (3).

For the same reasons, Davis is not entitled to a direct appeal from the trial court's order dismissing his motion. *von Thomas v. State*, 293 Ga. at 575 (3); *Jones v. State*, 278 Ga. at 670; *Rooney v. State*, 318 Ga. App. 385, 386 (734 SE2d 104) (2012); *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750) (2005). In particular, rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void. *Jones v. State*, 278 Ga. at 670. Accordingly, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,_____04/21/2016_____*
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*