# Court of Appeals
# of the State of Georgia

ATLANTA,    July 27, 2016

*The Court of Appeals hereby passes the following order:*

## A16A2052. WAYNE A. DAVIS v. THE STATE.

In 2012, a jury found Wayne Anthony Davis guilty of kidnapping with bodily injury, aggravated assault, and failure to register as a sex offender. The trial court sentenced Davis to life imprisonment on the kidnapping charge. Davis appealed, and we affirmed his convictions for kidnapping and aggravated assault, but reversed his conviction for failing to register as a sex offender. See *Davis v. State*, 330 Ga. App. 118 (766 SE2d 566) (2014).

In February 2016, Davis filed a motion for sentence modification, which the trial court denied. Davis filed a direct appeal from the trial court's ruling, which we dismissed as untimely. See Case Number A16A1365, dismissed April 21, 2016. We noted in our dismissal order that Davis had not raised a void sentence argument. In May 2016, Davis filed a motion in the trial court seeking to vacate a void sentence, arguing that he was not informed that he was subject to a mandatory life sentence. The trial court denied that motion, and Davis filed this direct appeal. We, however, lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569,

572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Davis did not argue that his sentence fell outside the permissible statutory range. Indeed, a life sentence is authorized for kidnapping. See *Horne v. State*, 298 Ga. App. 601, 606 (3) (680 SE2d 616) (2009). Because Davis has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.  See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 07/27/2016
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*