**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 27, 2017**

# In the Court of Appeals of Georgia

A16A2001. JONES v. THE STATE.

MCMILLIAN, Judge.

Charles Robert Withrow Jones appeals from his conviction on a single count of violating the State Sexual Offender Registry statute, OCGA § 42-1-12 (f) (4). Jones asserts that the evidence was insufficient to support his conviction, the trial court erred in admitting evidence in support of an allegation not contained in the indictment, and the trial court erred in allowing the State to impermissibly shift the burden of proof to him. Because we find that the evidence was insufficient to support Jones's conviction, we reverse.

OCGA § 42-1-12 (f) (4) requires that any sexual offender required to register under the statute must "[r]enew the required registration information with the sheriff of the county in which the sexual offender resides or sleeps by reporting in person to

the sheriff within 72 hours prior to such offender's birthday each year to be photographed and fingerprinted." The indictment charged that Jones, who previously had been convicted of statutory rape, failed "to report to the appropriate sheriff's office, to wit: the Gwinnett County Sheriff's Office" within 72 hours prior to his birthday on September 26, 2015.

In considering Jones's appeal,

[w]e view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the [factfinder's] verdict.

(Citation omitted.) *Frazier v. State*, 339 Ga. App. 405, 406 (793 SE2d 580) (2016). See also *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence at trial showed that Jones was convicted of statutory rape and interference with custody in 2004, which required that he be listed on a sex offender registry for life.[1] At some point, Jones moved to Gwinnett County, and it is

---

[1] Jones had previously pled guilty to two violations of failing to register as a sex offender, one in Alabama and one in Cherokee County, Georgia.

2

undisputed that he registered on the sex offender registry in that county. On March 18, 2015, the Gwinnett County Sheriff's Department verified that he was residing in Gwinnett County at the address listed on the registry, but no evidence was presented indicating that his address was verified after that date.

Jones's birthday is September 26. On September 18, 2015, he signed a lease for a house in Walton County, and he testified at trial that he began moving into that house on Wednesday, September 23, 2015 by moving his bed and clothing there. Jones stated that he began sleeping at the Walton County address that night, but he waited until Saturday, September 26, to move his heavier things when he could get help with the move.[2]

On Friday, September 25, 2015, Jones reported to the Walton County Sheriff's Department to register on that county's sex offender registry. At the time, Jones told the Walton County deputy who assisted him with the registration that "he had not completely moved in, still had a few things." As a result, the deputy noted on the registration form, "just moving in over weekend." The form listed the Walton County house as Jones's primary address and his Gwinnett County address as his temporary

---

[2] Jones's mother testified at trial that she gave him money for the security deposit and reviewed the lease before he signed it. She also stated that Jones told her at the time that he was sleeping in Walton County on the nights of September 24-25.

address. However, the Walton County officer primarily responsible for the sex offender registry was on vacation on September 25 and the fingerprinting and photographic equipment was locked in her office, so the registration process could not be completed that day. Jones returned on September 30, the first day the officer was back at work, for fingerprinting and to have his picture taken in order to complete the process.

Nevertheless, it is undisputed that Jones did not report his move to Walton County to the Gwinnett County Sheriff's office, and he did not renew his registration there. Therefore, at the time of Jones's birthday, Gwinnett County records indicated that he continued to reside in Gwinnett County. As a result, he showed up as delinquent on the calendar the sheriff's office's calendar kept to track sex offender renewals. However, the Gwinnett County officers did not attempt to confirm that Jones was still residing at the Gwinnett County address before seeking an arrest warrant, and all of the Gwinnett County witnesses denied under oath having any personal knowledge as to where Jones was residing at the pertinent time. The Gwinnett County warrant was issued on September 28, 2015, and he was arrested at his Walton County address on October 7, 2015 after the county received notice that

he had provided that address at a pawn shop. He was formally indicted on December 3, 2015.

We find the evidence insufficient to support Jones's conviction. Pretermitting whether the evidence demonstrated a violation of some other portion of OCGA § 42-1-12, Jones was indicted under subsection (f) (4) of that statute, which requires that he renew his registration information "with the sheriff of the county in which the sexual offender resides or sleeps" within 72 hours prior to his birthday. The State presented no evidence that Jones was residing or sleeping in Gwinnett County at that time; in fact, the only evidence is to the contrary. "The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." (Citation and punctuation omitted.) *Davis v. State*, 330 Ga. App. 118, 122 (766 SE2d 566) (2014). Based on the evidence presented, a rational trier of fact could not have found beyond a reasonable doubt that Jones was guilty of the offense charged in his indictment. Accordingly, we reverse his conviction.[3] See *Chestnut v. State*, 331 Ga. App. 69, 77 (769 SE2d 779) (2015); *Davis*, 330 Ga. App. at 122.

*Judgment reversed. Miller, P. J., and McFadden, P. J., concur*.

---

[3] Given this holding, we need not address Jones's other enumerations of error.

5