**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 29, 2020**

# In the Court of Appeals of Georgia

A20A0682. SMART v. THE STATE.

RICKMAN, Judge.

Ricardo Smart was tried by a jury and convicted of failure to register as a sex offender.[1] On appeal, Smart contends that the evidence was insufficient to sustain his conviction. For the following reasons, we reverse.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

---

[1] Smart was acquitted of aggravated sexual battery and child molestation.

(Citation and punctuation omitted.) *Johnson v. State*, 340 Ga. App. 429, 430 (797 SE2d 666) (2017).

So viewed, a detective with the Athens-Clarke County police department was involved in an investigation of an alleged child molestation. The detective identified Smart as a suspect and discovered that he was on the sex offender registry. After speaking with the corporal who maintains the sex offender registry for Athens-Clarke County, the detective learned that Smart was currently listed as homeless and had not registered the address where he was residing.

The corporal who maintained the sex offender registry testified that Smart moved to Athens-Clarke County in 2014 and was required to register because "[h]e was charged out of Detroit, Michigan, with assault with intent to commit CSC - - I'm not sure what that means on their end - - but in the second degree, which is a sexual offense." The State asked the corporal, [w]ould that charge cause him to have to register as a sex offender in Michigan?" The corporal replied, "[t]hat's what they have on records as for what they were registering him under." Through the corporal the State introduced "court records" from Michigan. The "court records" was a two page document. The first page was a warrant from 1988 indicating that Smart was charged with violating a Michigan code section for "engag[ing] in sexual penetration, to wit:

cunnilingus, with the complainant, a person under 13 years of age[.]" The second page is a sentence sheet indicating that Smart pled guilty on February 6, 1991 to "assault with intent to commit CSC 2[.]" Neither the code section nor the case number on each page match.

A retired police lieutenant from the Detroit, Michigan sex crimes unit testified that she investigated complaints "regarding children from zero months to 16 years of age in that particular division that entails child sexual abuse from first degree, second degree, third degree and fourth degree." The State asked the lieutenant, "[a]nd is what you just named Michigan's version of child molestation?" The lieutenant replied, "[y]es[,] [c]riminal sexual conduct[.]" The lieutenant explained that in 1988 she investigated a case involving Smart. The lieutenant testified that she prepared the warrant for Smart's arrest and she identified the "court records" previously admitted as the "court official document of charges."

Registration as a sex offender is required by "a nonresident who changes residence from another state . . . of the United States . . . to Georgia who is required to register as a sexual offender under . . . the laws of another state . . . or who has been convicted in this state of a criminal offense against a victim who is a minor or any dangerous sexual offense." OCGA § 42-1-12 (e) (6). Notably,"[a] conviction for a

3

misdemeanor shall not be considered a criminal offense against a victim who is a minor[.]" OCGA § 42-1-12 (a) (9) (c). See *Owens v. Urbina*, 296 Ga. 256, 258 (765 SE2d 909) (2014).

The indictment charged Smart with,

being required to register [as a sex offender] . . . by virtue of having been previously convicted of the offense of Criminal Sexual Conduct - Assault with Intent to Commit Sexual Penetration in case number 88-010099-01-FH . . . and sentenced on December 8, 1988, said offense being a criminal offense against a victim who is a minor, did fail to comply with the requirements of OCGA § 42-1-12 (f) by failing to give to the Clarke County Sheriff's Department, with whom he is required to register updated information as to his sleeping location, required registration information, within 72 hours of any change to the required registration information[.]

"The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." (Citation and punctuation omitted.) *Jones v. State*, 340 Ga. App. 398, 400 (797 SE2d 653) (2017). It was the State's burden to prove that Smart was required to register as a sex offender due to his Michigan conviction and its evidence on this issue was lacking in several respects. Initially, it is impossible to connect the two pages of the "court records" document with each other. The two pages do not contain

4

the same case number or code section. The warrant mentions the facts underlying the charge, but does not name the charge. The sentence sheet names the crime as "assault with intent to commit csc 2" but includes no other facts or information about the charge. To confuse matters further, the case number listed in the failure to register indictment is similar to the case number listed on the sentence sheet, but the indictment alleges that Smart was sentenced on December 8, 1988 and the sentence sheet reflects that he was sentenced on February 6, 1991. The actual sentence was redacted from the document upon request from the State and over objection by Smart. It is not clear from the sentence sheet whether Smart pled to a felony or misdemeanor.

The Michigan lieutenant testified that she took a warrant out for Smart's arrest, but she was never asked and did not testify that Smart was convicted of the charge. The lieutenant also did not testify that Smart was required to register as sex offender in Michigan. The corporal who maintained the registry testified that Smart was "charged" with a sexual offense in Michigan and when asked if that "charge" would cause Smart to have to register as a sex offender, she replied "[t]hat's what they have on records as for what they were registering him under."

Whether Smart was "charged" with a sexual offense involving a minor is not the pertinent question. The issue was whether Smart was *convicted* of a sexual

5

offense involving a minor and whether that *conviction* required Smart to register as a sex offender in Michigan. The State's evidence on this crucial issue was insufficient. There was no definitive connection between Smart's warrant and sentence sheet, no affirmative testimony that Smart was convicted of the charge listed in the warrant, and no affirmative testimony that Smart's conviction required sex offender registration in Michigan. "Based on the evidence presented, a rational trier of fact could not have found beyond a reasonable doubt that [Smart] was guilty of the offense charged in his indictment. Accordingly, we reverse his conviction." *Jones v. State*, 340 Ga. App. at 400. See id.; *Davis v. State*, 330 Ga. App. 118, 122 (2) (766 SE2d 566) (2014).

*Judgment reversed. Miller, P. J., and Mercier, J., concur.*