**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 27, 2020**

# In the Court of Appeals of Georgia

A20A1432. AMOSU v. THE STATE.                                    DO-049 C

DOYLE, Presiding Judge.

Following a jury trial, David Wole Amosu was convicted of one count of shoplifting. He now appeals, contending that the trial court erred by incorrectly instructing the jury on the elements of shoplifting by omitting the element of intent. As conceded by the State, the jury charge was erroneous, and because it affected the substantial rights of Amosu,[1] we reverse the judgment of conviction.

Construed in favor of the verdict,[2] the evidence shows that in January 2018, a loss prevention officer at a department store observed Amosu, a regular customer he recognized, walking through the store pushing a shopping cart and talking on his cell

---

[1] See OCGA § 17-8-58 (b).

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

phone. The officer watched as Amosu went to the jewelry department and selected three watches from the display and put them in his cart. Amosu then walked to the toy department, where he removed the watches from their packaging and put them into his pants pocket, concealing the discarded packaging under a display in the toy department. Amosu then walked around the store briefly, eventually proceeding past the checkout area without stopping. He walked through the first of two sets of doors at the store exit, and as Amosu reached the second set of doors, the loss prevention officer and a district manager approached him. They invited Amosu into the loss prevention office nearby, but Amosu refused; shortly thereafter, police officers came to the scene, and as Amosu saw the officers approaching, he rushed back into the men's department and discarded the watches from his pocket onto the floor. Amosu was unable to produce a receipt for the watches, which had a total value of $114.97.

Based on these events, Amosu was charged with one count of theft by shoplifting.[3] Following a trial, a jury found Amosu guilty, and he was sentenced to twelve months of probation, with ten days to serve in jail. He now appeals.

Amosu contends that the trial court erred by instructing the jury on the elements of shoplifting by omitting the element of intent. We agree.

---

[3] OCGA § 16-8-14 (a) (1).

2

As a threshold matter, Amosu did not object to the trial court's charge on shoplifting. But he did not affirmatively waive any objection, so under OCGA § 17-8-58 (b), we exercise our discretion to review the jury charge for plain error:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[4]

Under OCGA § 16-8-14 (a) (1), "[a] person commits the offense of theft by shoplifting when such person . . . *with the intent of appropriating merchandise to his or her own use without paying for the same* . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment. . . ."[5] Despite the statutory

---

[4] (Punctuation omitted.) *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011), quoting *Puckett v. United States*, 556 U.S. 129 (II) (a) (129 SCt 1423, 173 LE2d 266) (2009).

[5] (Emphasis supplied.)

3

language on intent, the trial court's jury charge on the shoplifting elements omitted any reference to intent: "This defendant is charged with the crime of shoplifting, . . . defined . . . as follows: A person commits the offense of shoplifting when such person conceals or takes possession of the goods or merchandise of any store or retail establishment." Criminal intent is a material element of the offense of shoplifting,[6] and reading the jury charge as a whole,[7] it is apparent that the trial court failed to mention the requisite intent to appropriate the merchandise without paying for it. This was a clear omission not subject to reasonable dispute. Eliminating the intent element relieved the State of its burden to prove each material element of the crime and allowed the jury to find Amosu guilty without finding that he committed the shoplifting offense defined by OCGA § 16-8-14 (a). Such an omission affects the outcome of the proceeding and seriously undermined the fairness and reputation of the trial — the jury could have found Amosu guilty merely for picking up the watches, not believing the evidence that he exhibited any other guilty behavior.[8]

---

[6] See *K-Mart Corp. v. Coker*, 261 Ga. 745, 747 (2) (410 SE2d 425) (1991).

[7] See *Hammonds v. State*, 263 Ga. App. 5, 7 (2) (587 SE2d 161) (2003).

[8] See *Chase v. State*, 277 Ga. 636, 639 (2) (592 SE2d 656) (2004) ("When a given instruction fails to provide the jury with the proper guidelines for determining guilt or innocence, it is clearly harmful and erroneous as a matter of law.")

Every accused enjoys the presumption of innocence,[9] and in every prosecution, the State has the burden to prove each essential element of the offense beyond a reasonable doubt.[10] Because the trial court's instruction violated these fundamental principles, it resulted in plain error. Accordingly, we reverse the judgment of conviction.[11]

---

(punctuation omitted); *Croft v. State*, 348 Ga. App. 21, 27 (3) (819 SE2d 550) (2018) (holding that plain error occurred because a jury charge relieved the State of its burden to prove an essential element of the offense).

[9] See *Tillman v. Massey*, 281 Ga. 291, 292-293 (1) (637 SE2d 720) (2006) ("'The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.'"), quoting *Coffin v. United States*, 156 U. S. 432, 453 (15 SCt 394, 39 LE 481) (1895).

[10] See *Jones v. State*, 340 Ga. App. 398, 400 (797 SE2d 653) (2017) ("The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt.") (punctuation omitted).

[11] See *Chase*, 277 Ga. at 639-640 (2).

Because the evidence was legally sufficient to support a finding of guilt,[12] the State may elect to retry Amosu.[13]

*Judgment reversed. McFadden, C. J., and Hodges, J., concur.*

---

[12] Under the familiar standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," the evidence is legally sufficient to support a conviction. *Jackson*, 443 U. S. at 319 (III) (B) (emphasis in original). The evidence here supported a finding that Amosu's conduct violated the shoplifting statute. See, e.g., *Racquemore v. State*, 204 Ga. App. 88, 88 (1) (418 SE2d 448) (1992) (holding that the evidence was sufficient because the "defendant was seen stuffing two packages of meat into the waist of his trousers and pulling his shirt down over them"); *Mathis v. State*, 194 Ga. App. 498, 499 (1) (391 SE2d 130) (1990) ("Inasmuch as appellant exercised dominion and control over the merchandise with the intent of appropriating it for his own use without paying for it, the State presented sufficient evidence for a rational trier of fact to determine that appellant was guilty beyond a reasonable doubt of shoplifting.").

[13] See *Doyle v. State*, 307 Ga. 609, 615, n.5 (837 SE2d 833) (2020) (reversing a conviction based on an erroneous jury charge but finding the evidence legally sufficient to authorize a retrial).